UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


ANTHONY A. PIÑA and
THERESA R. PIÑA                                                                PLAINTIFFS


v.                                                          CIVIL ACTION NO. 3:09-cv-890-CRS


STATE FARM FIRE AND CASUALTY
COMPANY                                                                         DEFENDANT


**MEMORANDUM OPINION**


This matter is before the court on motion of the defendant, State Farm Fire and Casualty Company ("Defendant"), for summary judgment (DN 24) on the claim of the plaintiffs, Anthony A. Piña and Theresa R. Piña ("Plaintiffs"), for breach of contract. Plaintiffs have filed a response (DN 31), and Defendant replied (DN 33), making the matter now ripe for adjudication. For the reasons set forth below, the motion will be denied.[1]

This action arose out of a fire on October 11, 2008, at Plaintiffs' residence which they had been renting, located at 2905 Murray Hill Pike, Louisville, Kentucky. The fire caused water, fire, and smoke damage to Plaintiffs' personal property. Plaintiffs had a homeowners insurance policy with Defendant at the time of the fire, which Defendant issued to Plaintiffs on September 15, 2008. *See* (DN 24, Defendant's Motion for Summary Judgment, Attachment 1, State Farm Homeowners Policy No. 13-VJ-5814-8) ("the Policy"). Plaintiffs' policy with Defendant provided full coverage for their personal property up to a policy limit of $241,425.00. After the fire damage, Plaintiffs

---

[1] Plaintiffs also filed a motion for leave to file a sur-reply to Defendant's motion for summary judgment (DN 34). Given our ruling on Defendant's motion for summary judgment, Plaintiffs' motion is now moot and will not be addressed.

submitted Affidavits and Proof of Claims in the verified amount of $80,434.94, and agreed to settle their claim with Defendant for $79,434.94. Defendant issued payment for all claims resulting from the fire in the amount of $23,312.00 and Plaintiffs have not obtained any further payments from Defendant. Plaintiffs filed claims against Defendant for violating the Unfair Claims Settlement Practices Act as set forth in KRS § 204.12-230, violating the Consumer Act of KRS § 367.170, breach of contract, bad faith, and fraud, seeking punitive damages. (DN 1, Attachment 1, Complaint ¶¶ 15-29). Defendant now moves for summary judgment on Plaintiff's breach of contract claim, asserting that it has no responsibility to pay any further amount under the plain language of the insurance policy. (DN 24, Attachment 1, Memorandum of Law in Support of Motion for Summary Judgment).

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-28, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-

87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *First Nat'l. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968).  The evidence must be construed in a light most favorable to the party opposing the motion.  *Id.* at 587; *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Under Kentucky law, an insurance contract must be "liberally construed and all doubts resolved in favor of the insureds."  *Kentucky Farm Bureau Mut. Ins. Co. v. McKinney*, 831 S.W.2d 164, 166 (Ky. 1992).  The terms used in the insurance policies should be interpreted as they would be by the "average man."  *James Graham Brown Foundation, Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273, 279 (Ky. 1991).  Exclusions must be interpreted narrowly, with any questions resolved in favor of finding coverage, because exclusions are "contrary to the fundamental protective purpose of insurance."  *Kemper Nat'l. Ins. Cos. v. Heaven Hill Distilleries, Inc.*, 82 S.W.3d 869, 873-74 (Ky. 2002); *Eyler v. Nationwide Mut. Fire Ins. Co.*, 824 S.W.2d 855, 859 (Ky. 1992).  Kentucky courts have adopted the "doctrine of ambiguity," which mandates that if an insurance contract is ambiguous, any doubts as to its construction must be resolved in favor of the insured.  *Woodson v. Manhattan Life Ins. Co. of N.Y.*, 743 S.W.2d 835, 838 (Ky. 1987).

Defendant argues that Plaintiffs' breach of contract claim is barred by the plain language of the parties' homeowners insurance agreement which provides a limitation on coverage for damage to personal property located outside of the "residence premises."  The Policy provides:

> **COVERAGE B - PERSONAL PROPERTY**
>
> 1. **Property Covered**.  We cover personal property owned or used by an **insured** while it is anywhere in the world.  This includes structures not permanently attached to or otherwise forming a part of the realty....
>
> We cover personal property usually situated at an **insured's** residence, other than the **residence premises**, for up to $1,000 or 10% of the Coverage B limit, whichever is

>greater. This limitation does not apply to personal property in a newly acquired principal residence for the first 30 days after you start moving the property there. If the **residence premises** is a newly acquired principal residence, personal property in your immediate past principle residence is not subject to this limitation for the first 30 days after the inception of this policy.

(DN 24, Attachment 3, the Policy).

The Policy defines "residence premises," by stating,

> **DEFINITIONS**
> ...
> 11. "**residence premises**" means:
>    a. the one, two, three or four-family dwelling, other structures and grounds; or
>    b. that part of any other building;
>    where you reside and which is shown in the **Declarations**.

*Id*. On the certified "Declarations Page," under "Location of Residence Premises," the address "17637 Julie Ln., Gurnee IL 60031-4217," is provided. (DN 24, Attachment 2). The Declarations Page and the Policy were effective as of September 15, 2008. *Id*.

Reviewing the evidence in the light most favorable to the nonmoving party, we find that full coverage existed as to Plaintiff's personal property at the time of the fire, making summary judgment for Defendant inappropriate.

Although the Policy limits coverage for personal property that is not located at the residence premises, this limitation is not applicable within thirty (30) days after the insureds start moving the property to a "newly acquired principal residence." The Policy does not define "principal residence" or explain when a principal residence is "newly acquired." Therefore, we apply the plain meaning of those terms, as they are generally understood by the average person. *Associated Industries of Kentucky, Inc. v. U.S. Liability Ins. Group*, 531 F.3d 462, 465 (6th Cir. 2008) (citing *James Graham*, 814 S.W.2d at 279).

Anthony Piña accepted a position with Sullivan University in Louisville in June of 2008. Plaintiffs rented the 2905 Murray Hill Pike Louisville, Kentucky location and moved some personal property into the location on July 5, 2008. Plaintiffs presented evidence that they rented the 2905 Murray Hill Pike residence only temporarily, until they determined whether they would be able to sell or rent their 17637 Julie Lane, Gurnee, Illinois residence and relocate to Louisville permanently. (DN 31, Attachment 2, Plaintiffs' Affidavit, ¶ 4). Plaintiffs maintained full and exclusive possession of their residence located at 17637 Julie Lane, Gurnee, Illinois until the property was rented and turned over to a tenant on September 28, 2008. *Id*. Until September 28, 2008, Plaintiffs maintained personal property in their residence in Illinois and stayed in the residence for many nights and extended stays. *Id*. at 6. During that same time period, Plaintiffs also spent time and had some personal property located at the rental location in Louisville, Kentucky, at 2905 Murray Hill Pike. *Id*. Plaintiffs informed Defendant of their situation and temporary location in Louisville and were told by Defendant's agents to refrain from changing their insurance policy until Plaintiffs were able to rent or sell their Illinois residence and were sure they would make a permanent relocation to Louisville. *Id*.

We find that Plaintiffs maintained the 17637 Julie Lane, Gurnee, Illinois residence as their principal residence and "residence premises" under the Policy, as is evidenced by the Declarations Page issued by Defendant in September of 2008, months after Anthony Piña accepted the position in Louisville. We conclude that it was not until September 28, 2008, when Plaintiffs were able to rent their 17637 Julie Lane, Gurnee, Illinois residence to a tenant and they started moving all of their personal property to Louisville, that the 2905 Murray Hill Pike Louisville, Kentucky location became a "newly acquired principal residence." Until Plaintiffs determined they would be

permanently moving to Louisville, the Louisville location was merely a "temporary residence" and not a "principal residence." Although Plaintiffs moved some personal property before September 28, 2008, Plaintiffs moved this personal property to a temporary residence. As provided in the Policy's personal property limitation provision, Plaintiffs did not "start moving property [to a newly acquired principal residence]" until the 2905 Murray Hill Pike, Louisville, Kentucky location became their principal residence on September 28, 2008 and Plaintiffs started moving all of their personal property there. (DN 24, Attachment 3, the Policy). Therefore, the thirty (30) days in the provision did not begin tolling until September 28, 2008.

The fire occurred only thirteen (13) days after Plaintiffs started moving property to their newly acquired principal residence in Louisville. Therefore, we conclude that the limitation provision was not applicable and Plaintiffs were entitled to full reimbursement for the damage to their personal property resulting from the October 11, 2008 fire. Defendant's motion for summary judgment on Plaintiffs' breach of contract claim will thus be denied.

An order consistent with this opinion will be entered this date.

March 16, 2012

Charles R. Simpson III, Judge
United States District Court