UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


ANTHONY A. PIÑA and
THERESA R. PIÑA                                                    PLAINTIFFS


v.                                            CIVIL ACTION NO. 3:09-CV-890-CRS


STATE FARM FIRE AND CASUALTY
COMPANY                                                              DEFENDANT


### MEMORANDUM OPINION AND ORDER


The defendant, State Farm Fire and Casualty Company ("State Farm"), has moved to alter, amend, or vacate an order and accompanying memorandum opinion entered by this court on March 16, 2012 (DN 43). That order and accompanying memorandum opinion denied a motion for summary judgment made by State Farm (DNs 41, 42).

As set forth in the court's March 16, 2012 memorandum opinion, the dispute in this case arises from a fire that occurred on October 11, 2008, at the rental home of plaintiffs Anthony and Theresa Piña ("Plaintiffs"), which was located at 2905 Murray Hill Pike in Louisville, Kentucky. The fire caused damage to Plaintiffs' personal property. At the time of the fire, Plaintiffs had a homeowner's policy with State Farm that, *inter alia*, provided personal property coverage with a coverage limit of $241,425. Plaintiffs filed a claim with State Farm in the amount of $80,434.94 for damaged personal property. State Farm issued payment to Plaintiffs in the amount of $23,312.00 for Plaintiffs' claims. Plaintiffs brought this action against State Farm with claims for violations of the Kentucky Unfair Claims Settlement Practices Act and Kentucky Consumer Protection Act and for common law bad faith, fraud, and punitive damages. The court granted State Farm's motion to

bifurcate the underlying insurance contract claim from the tort claims. Thereafter, State Farm moved for summary judgment on the contract claim. The court denied that summary judgment motion. State Farm has now moved to alter, amend, or vacate the court's denial of the summary judgment motion.

The focus of the dispute regarding the contract claim concerns a limitation of liability in the insurance policy. As noted above, the personal property coverage in Plaintiffs' homeowner's policy had liability limits of $241,425. However, the policy's declarations page listed the location of the "Residence Premises" as 17637 Julie Lane in Gurnee, Illinois. Plaintiffs had lived at that address before moving to the Murray Hill Pike address in Louisville where the fire destroyed their possessions. The policy provided limited coverage of personal property that was located outside of the residence premises. Specifically, the policy provided:

> **COVERAGE B - PERSONAL PROPERTY**
>
> 1. **Property Covered**. We cover personal property owned or used by an insured while it is anywhere in the world. This includes structures not permanently attached to or otherwise forming a part of the realty. . . .
>
> We cover personal property usually situated at an **insured's** residence, other than the **residence premises**, for up to $1,000 or 10% of the Coverage B limit, whichever is greater. This limitation does not apply to personal property in a newly acquired principal residence for the first 30 days after you start moving the property there. If the **residence premises** is a newly acquired principal residence, personal property in your immediate past principal residence is not subject to this limitation for the first 30 days after the inception of this policy.

In its motion for summary judgment, State Farm contended that the undisputed evidence showed that Plaintiffs began to move from Illinois to the Murray Hill Pike address in Louisville on July 5, 2008. State Farm argued that the limitation on coverage section provided 30 days from that date during which personal property located at the Murray Hill Pike address was not subject to the limitation, but instead enjoyed coverage up to the full limit of $241,425. However, State Farm

contended, the fire did not occur until October 11, well outside the 30-day period for Plaintiffs to move.

The court rejected State Farm's argument, stating that "full coverage existed as to Plaintiff's personal property at the time of the fire." The court noted that the policy did not define the term "principal residence," nor did the policy explain when a principal residence was "newly acquired." Noting that Kentucky law required that all doubts regarding ambiguities in contracts must be resolved in favor of the insured, the court found that Plaintiffs maintained the 17637 Julie Lane, Gurnee, Illinois address as their principal residence and "residence premises" until September 28, 2008, when Plaintiffs rented out the Gurnee, Illinois property. At that point, 2905 Murray Hill Pike, Louisville, Kentucky, became a "newly acquired principal residence." The court concluded that because the fire occurred within 30 days of September 28, the full policy limits were available to Plaintiffs.

In State Farm's motion to alter, amend, or vacate the court's memorandum opinion and order denying its summary judgment motion, State Farm argues that the "plain meaning of the terms 'principal residence' and 'newly acquired' as they are generally understood by an average person and as defined in the prevailing case authority supports application of the exclusion so as to limit coverage to 10% consistent with the terms of the policy." State Farm, citing cases, argues that a "residence" is an abode–a place where one actually lives–and "principal" means "chief, main or most important." *See, e.g.*, *Jacobs v. United States*, 15 A.F.T.R.2d 95 (D.Minn. Nov. 27, 1964); *Bell v. West Am. Ins. Co.*, 89 N.C. App. 280 (N.C. Ct. App. 1988). According to State Farm, the evidence that Plaintiffs moved to Louisville so that Anthony Piña could work there, brought many of their belongings with them, enrolled their children in school in the state, changed their mailing address

to Louisville, and hooked up their utilities in Louisville was sufficient to conclude that the Louisville home was their principal residence at the time they first moved to Louisville. At bottom, State Farm's evidentiary contentions are simply that the evidence shows that Louisville "was the place the Pinas actually lived," and thus, when they moved to Louisville, it became their "principal residence."

However, while State Farm could have defined the term "principal residence" in the contract to mean the place where the policy holder "actually lived," it did not do so. Nor does the term "principal residence" necessarily mean that it is the place where a person "actually lived" during a particular time frame. For instance, courts examining the term "principal residence" in the context of 26 U.S.C. § 1034 (repealed 1997) (allowing for nonrecognition for tax purposes of certain gains on a sale of a taxpayer's principal residence), have held that physical occupancy is not necessarily required. As the Court of Federal Claims stated in *Gummer v. United States*, 40 Fed. Cl. 812, 815 (Fed. Cl. 1998),"Cases interpreting whether property is 'used' as a 'principal residence' under section 1034 do not always require strict physical occupancy, but rather analyze whether the facts and circumstances surrounding any absence still entitle the party to a finding that the old property was used as a principal residence."

In short, keeping in mind that exclusions to insurance policies should be narrowly interpreted in the insured's favor, *Eyler v. Nationwide Mut. Fire Ins. Co.*, 824 S.W.2d 855, 859 (Ky. 1992), and that doubts as to the construction of an insurance contract must be resolved in favor of the insured, *Woodson v. Manhattan Life Ins. Co. of New York, N.Y.*, 743 S.W.2d 835, 838 (Ky. 1987), the court finds that the use of the term "principal residence" in Plaintiffs' insurance contract did not simply mean the place where Plaintiffs were physically present most of the time, received their mail, and

attended school and work. Instead, as the court noted in its initial denial of summary judgment, there is evidence in the record that Plaintiffs rented the Murray Hill Pike residence only temporarily until they determined whether they would be able to sell or rent their Gurnee, Illinois residence and permanently relocate to Louisville; maintained personal property in the Illinois residence; and stayed at the Illinois residence for many nights and extended stays. Additionally, the record contains evidence that Plaintiffs made State Farm's agents aware of their situation, and State Farm's agents told Plaintiffs to refrain from changing their insurance policy until they sold or rented the Illinois residence. The court finds that the evidence discussed above would support a finding that although Plaintiffs had moved to Louisville while trying to sell or rent the Illinois house, the Illinois house remained their "principal residence" until they were actually able to sell or rent it. Accordingly, the court sees no reason to alter, amend, or vacate its order denying State Farm summary judgment

State Farm also states that this court "entered judgment in favor of the Plaintiffs on their breach of contract claim." It contends that even if the court does not decide to enter summary judgment in favor of State Farm, it should find that genuine issues of material fact remain that preclude judgment in favor of Plaintiffs. However, the court never entered judgment in favor of Plaintiffs. The order only denied State Farm's motion for summary judgment.

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that State Farm's motion to alter, amend, or vacate an order and accompanying memorandum opinion entered by this court on March 16, 2012 is **DENIED**.

October 29, 2012

Charles R. Simpson III, Judge
United States District Court

D03